UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


J.M., A.S., and R.L.,

              Plaintiffs,

      v.

KARLA MAJOR, et al.,

              Defendants.

Case No. 3:18-cv-00918-YY

FINDINGS AND
RECOMMENDATIONS


YOU, Magistrate Judge:

On April 27, 2018, plaintiffs filed the instant case in Multnomah County Circuit Court, Case No. 18CV16779. Complaint, ECF # 1. On the same date, they filed an identical case in this court, *J.M. v. Major*, 6:18-cv-739-YY, hereafter referred to as the "739 case." Defendants removed the Multnomah County Circuit Court case to this court on May 25, 2018, which resulted in two identical complaints pending before this court in different cases. Notice of Removal, ECF # 1.

On October 15, 2018, this court granted plaintiffs' unopposed motion to file a First Amended Complaint (ECF #23). ECF #25. In their First Amended Complaint, plaintiffs have voluntarily withdrawn all of their federal claims, leaving only state-law claims in this case. ECF #26. The federal claims remain in the 739 case.


1 – FINDINGS AND RECOMMENDATIONS

Plaintiffs have filed a Motion to Remand (ECF #27) this case back to state court on the basis that there are no longer any federal claims remaining in this case. Defendants object and ask for this case to be dismissed instead. For the reasons discussed below, the motion should be GRANTED and this case should be remanded back to state court.

## FINDINGS

### I.    Jurisdiction

Plaintiffs first contend that this court no longer has jurisdiction over the case because the federal claims have been dismissed. Reply 2, ECF #34. "Generally, jurisdiction is a preliminary matter that should be resolved before all others." *Leeson v. Merck & Co., Inc.*, 2006 WL 3230047, *2 (E.D. Cal. Jan. 27, 2006). The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

However, the Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (citations omitted). "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) (citations omitted). Thus, a plaintiff's "tactical decision to seek dismissal" of federal claims does not divest the court of jurisdiction, as it is determined at the time of removal. *Luna v. BMW of N. Am., LLC*, No. 317CV02067BENKSC, 2018 WL 2328365, at *4 (S.D. Cal. May 22, 2018); *see also Barefield v. HSBC Holdings PLC*, No. 118CV00527LJOJLT, 2018 WL 6436258, at *6 (E.D. Cal. Dec. 7,

2 – FINDINGS AND RECOMMENDATIONS

2018) ("The Ninth Circuit has repeated the refrain that jurisdiction is determined at the time of removal and has not signaled that later events allow a court to determine whether the exercise supplemental jurisdiction if the amount in controversy is reduced.").

This view is widely held in other circuits as well.  "It is well settled that 'a plaintiff's voluntary amendment to a petition after removal to eliminate the federal claim upon which removal was based does not defeat federal jurisdiction.'"  *Lyon v. Kroger Co.*, Civil No. 16-489, 2016 WL 6211736, at * 1 (E.D. Tex. Sept. 20, 2016) (citing *Henry v. Independent Am. Sav. Ass'n*, 857 F.2d 995, 998 (5th Cir. 1988)); *see also Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1, 5 (D.D.C. 2004) ("Once a case is properly removed, a plaintiff may not amend the complaint solely to defeat federal jurisdiction.") (citing *In re Bridgestone/Firestone*, 128 F. Supp. 2d 1196, 1198 (S.D. Ind. 2001); *Brock v. DeBray*, 869 F. Supp. 926, 928 (M.D. Ala. 1994); *Johnson v. First Fed. Sav. and Loan Ass'n of Detroit*, 418 F. Supp. 1106, 1108 (D.C. Mich. 1976); Wright, Miller, & Cooper, Fed. Prac. & Proc. § 3738 (4th ed.)).

Thus, the fact that plaintiffs have amended their complaint to delete the federal claims does not divest this court of jurisdiction.

## II.    Discretion to Remand or Dismiss

Where plaintiffs have withdrawn their federal claims, this court has discretion to remand the case to state court.  *See Zuurbier*, 306 F. Supp. 2d at 5 ("The court can, in its discretion, remand to State court if a plaintiff removes federal claims.").  Defendants ask this court to dismiss rather than remand.  They contend that remand is "futile" because the state-law claims in this case are identical to those in the 739 case, plaintiffs are "entitled to but a single remedy," and "it is inefficient and a waste of judicial resources to remand this case."  Response 2, ECF #29.

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 689; *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion.").

"The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Curtis*, 226 F.3d at 138 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). "The doctrine is also meant to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Id.* (citing *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."); *Walton v. Eaton Corp*., 563 F.2d 66, 70 (3d Cir. 1977) (holding a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant").

Notably, however, this case was originally filed in state court. The Ninth Circuit has stated that, "[a]lthough courts usually avoid duplicative litigation when similar cases are pending in two different *federal* courts, '[g]enerally, as between state and federal courts, the rule is that

4 – FINDINGS AND RECOMMENDATIONS

the pendency of an action in the state court is no bar to proceedings concerning the same matter'

in a federal court." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 974–75 (9th Cir. 2011)

(quoting *Colorado River*, 424 U.S. at 817 (emphasis in original)).

Considering the equities and circumstances in this case, remand is a more appropriate

than dismissal.  Plaintiff's counsel has represented that he filed the state action as a "place

holder" in the event that the 739 case is dismissed.  Counsel also has represented that, if this case

is remanded to state court, he will move to abate the state court case while the federal case is

pending.[1]  This alleviates any concerns pertaining to judicial economy, i.e., of having two cases

proceeding simultaneously in state and federal court.  It also resolves any concerns regarding

inconsistent verdicts.

Moreover, even if the court dismissed this case, it would be without prejudice.[2]  As such,

plaintiffs would be free to refile their action in state court, which would result in the same

outcome, i.e., this case being back in state court.  Because the outcome will be the same whether

this court remands or dismisses without prejudice, in the interests of justice and economy, the

court should remand this case back to state court.

---

[1] *See Calvillo v. Siouxland Urology Assocs. P.C.*, No. CIV. 11-4033, 2011 WL 5196542, at *4 (D.S.D. Oct. 31, 2011) ("The Calvillo action may duplicate the Kinney action, but it serves a legitimate purpose and dismissal could pose harm to plaintiffs. A stay is the appropriate measure to fully protect plaintiffs' rights while ensuring that defendants are not exposed to duplicative litigation.").

[2] A dismissal with prejudice could be construed as a final adjudication on the merits and implicate claim preclusion issues.  *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (noting the phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice"); *Durney v. WaveCrest Labs., LLC*, 441 F. Supp. 2d 1055, 1059 (N.D. Cal. 2005) ("The test is not whether or not the claim was litigated, but whether or not there was a final judgment on the merits."); *also compare* "dismissal without prejudice," BLACK'S LAW DICTIONARY (10th ed. 2014) ("removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim") *with* "dismissal with prejudice," *id.* ("removed from the court's docket in such a way that the plaintiff is foreclosed from filing a suit again on the same claim or claims").

5 – FINDINGS AND RECOMMENDATIONS

**RECOMMENDATIONS**

For the reasons set forth above, plaintiff's Motion to Remand (ECF #27) should be GRANTED.

**SCHEDULING ORDER**

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Wednesday, January 09, 2019. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED  December 26, 2018.

/s/ Youlee Yim You
_____
Youlee Yim You
United States Magistrate Judge

6 – FINDINGS AND RECOMMENDATIONS